No. 05-574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 144N

IN RE THE MATTER OF ANNETTE R. CHVILICEK,
a minor child,

JOSHUA P. CHVILICEK,

        Petitioner and Appellant,

   v.

CORI J. MATTER,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DR-04-101
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Joshua P. Chvilicek, *pro se*, Great Falls, Montana

       For Respondent:

          Stephen R. Brown, Jr., Bosch, Kuhr, Dugdale, Martin &
Kaze, Havre, Montana

Submitted on Briefs: June 6, 2006

Decided: June 27, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Twelfth Judicial District Court, Hill County, adopted a parenting plan under which Annette R. Chvilicek ("Annie"), the daughter of Joshua P. Chvilicek and Cori J. Matter, will spend the school years with her mother, Cori, and the summers with her father, Joshua. Joshua appeals. We affirm.

¶3 Joshua raises four issues on appeal: whether the change of venue was proper; whether a de facto parenting plan existed between the parties; whether the District Court demonstrated judicial bias, requiring a new trial; and whether the Final Parenting Plan adopted by the District Court was in Annie's best interest and supported by substantial evidence.

¶4 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit.

¶5 Joshua did not raise the first three issues he raises on appeal in the District Court. As a matter of settled Montana law, we do not consider new legal theories never raised, briefed

or argued in the district court. *See*, *e.g.*, *Timis v. Young*, 2001 MT 63, ¶ 8, 305 Mont. 18, ¶ 8, 22 P.3d 1122, ¶ 8 (citations omitted).

¶6     Finally, contrary to Joshua's arguments regarding the parenting plan, the District Court's findings of fact are supported by substantial evidence and are not otherwise clearly erroneous, and the court addressed the deciding best interest factors in arriving at its Final Parenting Plan. *See Czapranski v. Czapranski*, 2003 MT 14, ¶¶ 10, 48, 314 Mont. 55, ¶¶ 10, 48, 63 P.3d 499, ¶¶ 10, 48 (citation omitted).

¶7     Affirmed.


                                             /S/ KARLA M. GRAY

We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE